UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA FEE,

    Plaintiff,

v.                                                                                  Case No. 06-CV-14473

MICHAEL ASTRUE,

    Defendant.
    _____/

**ORDER GRANTING PLAINTIFF'S ATTORNEY'S MOTION FOR FEES**

Pending before the court is Plaintiff's Attorney Eva I. Guerra's "Motion and Brief for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b)." Guerra seeks $16,327.75 for the representation of Plaintiff in a successful social security appeal. Though Defendant does not oppose Guerra's motion, (Def.'s Resp. at 1-2), Defendant does document mistakes in Guerra's calculation of fees, upon which the court will now expound, before granting Guerra's motion.

An attorney may not collect fees, pursuant to 28 U.S.C. § 406, for work performed at the administrative level. *See Hornstein v. Sec'y of Health and Human Serv.*, 35 F.3d 261, 262 (6th Cir. 1994); *Prichett v. Comm'r of Soc. Sec.*, No. 04-74650, 2005 WL 1566651, *6 (E.D. Mich. Jul. 6, 2005) ("A request for attorney fees for any work done at the administrative level would be addressed to the Commissioner, not to this court, under § 406(a)."); *Morrison v. Comm'r of Soc. Sec.*, No. 04-CV-454, 2008 WL 828863, *2 (W.D. Mich. Mar. 26, 2008) ("Counsel's motion for fees is limited to the work . . . performed in this court."). Further, time spent preparing an application for the

approval of attorney fees, pursuant only to 28 U.S.C. § 406, is not compensable. *See, e.g., Greenfield v. Sullivan*, No. 85-661, 1990 WL 183759, *2 n.3 (E.D. Wash. May 14, 1990) (citing *Craig v. Dep't of Health and Human Serv.*, 864 F.2d 324, 328 (4th Cir. 1989) (*abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002))).

Here, the court remanded the entire matter to the Social Security Commission on August 7, 2007. (08/07/07 Order.) Guerra has included, in her inventory of hours, approximately 14.2 hours spent on this matter after the case was remanded to the Commissioner. (Guerra's Mot., Ex. 3 at 3-7.) Guerra has also included 2.3 hours spent in preparing the current motion for fees pursuant to 28 U.S.C. § 406. (*Id.*, Ex. 3 at 7.) These 16.5 hours are not compensable as they were either performed at the administrative level or were for preparing the current motion. *Hornstein*, 35 F.3d at 262; *Greenfield*, 1990 WL 183759 at *2 n.3. Because Guerra claims she performed 44.2 total hours in this matter, (*Id.* at 3), subtracting the prohibited 16.5 hour leaves 27.7 of compensable hours.

To evaluate the reasonableness of fees sought under 28 U.S.C. § 406, the Sixth Circuit has held that "a multiplier of 2 [applied to the attorney's proposed standard fee] is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 422 (6th Cir. 1990). In this case, the court has reduced the number of hours for which Guerra claimed compensation. This reduction results in a significant upward adjustment to the hourly rate proposed by Guerra. Nonetheless "a

2

hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable", unless the court is presented with an argument which rebuts the presumed reasonableness of the fee. *Id.* Though Defendant points out Guerra's miscalculations, he makes clear that he "has no objection to the motion for attorney fees pursuant to 42 U.S.C. § 406(b)." As such, and in light of the contingent fee agreement between Guerra and Plaintiff which explicitly disclosed the amount now sought,[1] this court finds the fees sought by Guerra are reasonable.

Accordingly, IT IS ORDERED that Guerra's "Motion and Brief for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b)" [Dkt. # 21] is GRANTED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2009, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[1] Plaintiff signed a "Contingent Fee Agreement" which entitled Guerra to an "[a]ttorney fee equal to 25% of the past-due benefits," (Guerra's Mot., Ex. 2), which the Social Security Administration calculated as $16,327.75 (*Id.*, Ex. 1 at 2). Guerra also provided Plaintiff notice of the fees now sought, and Plaintiff has not contested these fees in the intervening month. (*Id.* at 3.)

S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-14473.FEE.Grant.Attorney.Fee.eew.wpd